IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-CR-00146-RJC-DSC

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| DENISE WOODARD (2) | ) |
| | ) |

**THIS MATTER** is before the Court upon the motion of the defendant, (Doc. No. 58), to reconsider the denial, (Doc. No. 57: Order), of her motion to extend the deadline for self-reporting to her designated Bureau of Prisons (BOP) facility for service of her sentence, (Doc. No. 56).

The defendant was sentenced on February 13, 2023, to thirty-six months' imprisonment, but was allowed to remain on conditions of release until her report date on or after June 1, 2023. (Doc. No. 50: Judgment). She was later directed to report to the Carswell Federal Medical Center on June 1, 2023. (Doc. No. 54: Motion at 2). The defendant filed a motion on May 30, two days before her report date, to extend the report date to August 1, 2023, based, in part, on a medical procedure she had scheduled for June 5. (Doc. No. 54-2). The motion also described her recurring pericarditis, for which she received treatment dating back to December 2022. (Doc. No. 54 at 3-4). The Court granted the extension. (Doc. No. 55: Order).

The defendant was then directed to report to FMC Carswell on August 1, 2023. On July 31, the day before she was to report to serve her sentence, the defendant filed a motion seeking another sixty-day extension to cooperate further

with the government. (Doc. No. 56). The motion made no mention of any current medical complications. The Court denied the extension on August 1, 2023, (Doc. No. 57); however, the defendant did not report as directed.

In the instant motion for reconsideration filed on August 2, 2023, the defendant now states she experienced pericarditis flares with constant pain over the past two months. (Doc. No. 58-2). She reported seeing her physician on Friday, July 28, who wanted to run tests. (Id.). After struggling to breathe over the weekend, she saw her cardiologist on Tuesday, August 1, who admitted her into the hospital that afternoon. (Id.). The defendant requests she be allowed to surrender to her designated BOP facility within twenty-four hours of being released from the hospital. (Doc. No. 58: Motion at 2).

The Court has concerns that the defendant sought medical treatment for a chronic condition immediately before her report date in June and now again in August. Although she describes dire symptoms in her letter to the Court, (Doc. No. 58-2), she did not seek emergency medical treatment over the weekend and did not mention her illness in her motion filed on Monday. Rather, on the Tuesday when she was to report to a BOP medical center, she saw her cardiologist and was admitted to the hospital. Defendant has filed no medical letter supporting her eleventh hour claim of medical flare up. However, in an abundance of caution, the Court will grant a final extension as requested by the defendant.

**IT IS, THEREFORE, ORDERED** that the defendant's motion to reconsider, (Doc. No. 58), is **GRANTED**, and the defendant shall surrender to her

designated BOP facility within twenty-four (24) hours of being released from the hospital, unless otherwise directed by the United States Marshals Service. The defendant shall provide daily updates to the United States Attorney's Office and the United States Probation Office regarding her status at the hospital and her anticipated release date. Failure to do so will terminate this extension. Pending surrender, the defendant shall remain under the previously ordered bond conditions (Doc. No. 21: Order Setting Conditions of Release).

    The Clerk is directed to certify copies of this Order to the defendant, the United States Attorney, the United States Probation Office, and the United States Marshals Service.

Signed: August 2, 2023

Robert J. Conrad, Jr.
United States District Judge